IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALVIN BROWN, #76095                                                                             PETITIONER

VERSUS                                      CIVIL ACTION NO.    3:17-cv-473-WHB-LRA

VICTOR MASON, Sheriff                                                   RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte, for consideration of dismissal Petitioner Alvin Brown is presently incarcerated at the Hinds County Detention Facility, Raymond, Mississippi. Pet. [1] at 1. Petitioner filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on June 15, 2017. *Id*. The Court, having considered Petitioner's pro se habeas petition and the relevant authorities, finds that this habeas petition should be dismissed for the reasons that follow.

I.     Background

Petitioner is challenging criminal charges of manslaughter and aggravated assault pending against him in the Circuit Court of Hinds County, Mississippi. Pet. [1] at 2. Petitioner's convictions for aggravated assault and manslaughter were reversed and remanded by the Mississippi Supreme Court on May 4, 2017. *See id*. at 3; *see also Brown v. State*, No. 2014-CT-331, 2017 WL 2544857, at *7 (Miss. 2017). The Mississippi Supreme Court remanded Petitioner's "case to the trial court for a new trial consistent with this opinion." *Id*.

Petitioner's grounds for relief in the instant civil habeas action are as follows:

GROUND ONE: That my right to receive a fair and speedy trial has been violated[.]

GROUND TWO:   Whether the exclusion of my only witness denied my right to rec[ei]ve a[] fair trial[.]

GROUND THREE: Whether the State failed to meet the required constitutional standards in proving the elements of the offenses alleged in the indictment[.]

GROUND FOUR: Whether I was subjected to double jeopardy[.]

Pet. [1] at 6-8. Petitioner is requesting as relief that this Court reverse the decisions of the Mississippi Supreme Court or dismissed with prejudice Petitioner's indictment charging him with aggravated assault and manslaughter. *Id.* at 8.

II. Analysis

While a pre-trial detainee like Petitioner has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489 (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and a petitioner seeking only to enforce the state's obligation to bring him promptly to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-90; *Smith v. Hooey*, 393 U.S. 374 (1969)). The Fifth Circuit has held that the distinction is based on the type of relief requested by the petitioner. *Id.* If the petitioner is seeking to dismiss an indictment or otherwise prevent prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* But if the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type," and this "objective is normally not attainable through federal habeas corpus." *Id.*

Here, Petitioner's requested relief clearly seeks the dismissal of the pending state criminal charges against Petitioner, *see* Pet. [1] at 8, and is therefore, attempting "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes" which is not available through federal habeas corpus. *See Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir.1987) (quoting *Brown*, 530 F.2d at 1283). Thus, Petitioner cannot maintain these claims in a request for federal habeas relief.

To the extent Petitioner's claims can be construed as a request to force the State of Mississippi to bring him to trial, he is required to exhaust his claims in state court prior to pursuing a federal habeas corpus petition. *See Dickerson*, 816 F.2d at 228. In order to satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement may only be excused in "rare cases where exceptional circumstances of peculiar urgency mandate federal court interference." *Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir.1993); *see also Dickerson*, 816 F.2d at 227 (holding that the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement"). Petitioner fails to demonstrate that he has exhausted any of his habeas claims with the Mississippi Supreme Court and he fails to offer any special circumstances warranting federal court intervention. Therefore, to the extent Petitioner's claims can be construed as a request to force the State of Mississippi to bring him to trial, they will be dismissed without prejudice as unexhausted.

III. Conclusion

Petitioner's habeas claims seeking to dismiss his state criminal charges are not available via federal habeas corpus and will be dismissed with prejudice. To the extent Petitioner's

habeas claims seek to force the State of Mississippi to bring him to trial, those claims will be dismissed without prejudice because he has not exhausted his state-court remedies prior to filing this Petition.

This the 3rd day of August, 2017.

s/William H. Barbour, Jr.<br>
UNITED STATES DISTRICT JUDGE